UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOREN DAWSON,<br><br>            Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, KINGS COUNTY DISTRICT ATTORNEYS OFFICE and NATALIE C. RIETHER, Individually, Assistant District Attorney,<br><br>            Defendants. | Index No: 22-CV-4784 (KAM) (PK)<br><br>**VERIFIED AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, LOREN DAWSON, by his attorneys, ODDO & BABAT, P.C., complaining of the defendants, respectfully shows to the Court and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. § 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, LOREN DAWSON, is at all relevant times a resident of the County of Kings, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, a duly authorized public authority and/or legal department, authorized to investigate and prosecute all crimes in the borough of Brooklyn, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York, and is operated at 350 Jay Street, Brooklyn, New York 11201

9. At all times mentioned, defendant, NATALIE C. RIETHER, was an Assistant District Attorney at the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

## FACTS

11. On May 5, 2017, the plaintiff, LOREN DAWSON, was found guilty, after a jury trial, of attempted first-degree assault, second-degree assault, and fourth-degree criminal possession of a weapon, and was then sentenced on May 30, 2017, in connection with an incident that occurred inside of a Brooklyn restaurant on May 6, 2016.

12. During summation, the State Prosecutor, defendant, NATALIE C. RIETHER, called Mr. Dawson's self-defense claim "ridiculous," "insulting," and "ludicrous," while also informing the jury that Mr. Dawson would "tell you anything" in an effort to "sell you" a story.

13. The defendant, NATALIE C. RIETHER, described Mr. Dawson as a "punk" and a "hothead" who could not "take [a] beating like a man."

14. The defendant, NATALIE C. RIETHER, impinged on Mr. Dawson's right to remain silent by arguing that he could not have acted in self-defense during the altercation that led to his arrest because he did not phone emergency services.

15. The defendant, NATALIE C. RIETHER, intentionally bolstered the credibility of the State's witnesses.

16. The defendant, NATALIE C. RIETHER, intentionally misled the jury regarding the law on justified use of force.

17. The defendant, NATALIE C. RIETHER, improperly invoked the jury's sympathy for the complainant and vouched for the complainant's credibility.

18. The defendant, NATALIE C. RIETHER, interjected her own sense of moral retribution with respect to the complainant.

19. Defendant, THE CITY OF NEW YORK, and the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, training and discipline policies and practices were consciously designed to permit and encourage this improper judicial behavior, malicious prosecutions, and failure to provide defendants with their constitutional rights to a fair trial.

20. As a result of the foregoing, on December 4, 2019, after the plaintiff had been continuously incarcerated since June 8, 2016, the Second Judicial Department of the Appellate Division of the Supreme Court of the State of New York ruled that the plaintiff, LOREN DAWSON, had been deprived of his right to a fair trial as a result of the aforementioned misconduct.

21. By reason of the foregoing, plaintiff suffered permanent and severe injuries and is further entitled to punitive damages against the individual defendants.

## LIABILITY OF THE INDIVIDUAL DEFENDANT

22. All of the acts described above were committed by the individual defendant under color of state law under her respective authority as a prosecutor acting within the scope of her employment.

23. The individual defendant, in committing the aforesaid acts and omissions to act, was acting with actual malice; deliberately indifferent to; and in reckless disregard of plaintiff's rights and thereby caused actual injuries to the plaintiff.

24. The individual defendant is not protected under absolute immunity for the denial of the plaintiff's right to a fair trial, as the claim is premised on proof that the defendant knowingly made false, defamatory and inflammatory statements and intentionally mislead the jury.

25. The individual defendant subjected Mr. Dawson to loss of liberty and other deprivations of constitutional rights , including, but not limited to, deprivation of the rights to due process of law, deprivation of the right to a fair trial; and protection from pain and suffering, severe and permanent emotional injuries, mental anguish as well as other psychological injuries extreme emotional distress , shame, humiliation, indignity, damage to reputation, loss of earnings, and obliged them to pay for legal fees and expenses.

**For the Actions of the City of New York, the Kings County District Attorney's Office Prosecutors and their Supervisors Pursuant to the Policies and Practices in Existence at the Time of the Dawson Case**

26. All of the acts by the defendant prosecutor and her supervisors described above were carried out pursuant to policies and practices of the City of New York which were in existence at the time of the conduct alleged herein were engaged in with the full knowledge,

consent, and under the supervisory authority of the Kings County District Attorney's Office.

27. Defendant City and the District Attorney's Office, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the defendant prosecutor's and her supervisors' wrongful acts; and/or failed to prevent or stop these acts; and/or allowed or encouraged these acts to continue.

28. The actions of the defendant prosecutor and her supervisors resulted from and were taken pursuant to *de facto* policies and/or well-settled and widespread customs and practices of the City, which are implemented by the Kings County District Attorney's Office, to prosecute and continue to prosecute persons through inflammatory statements, intentionally bolstering the credibility of State's witnesses, intentionally misleading the jury, improperly invoking the jury's sympathies, and to substantially interfere with the accused's right to a fair trial by impermissible means and other abuses of authority.

29. The existence of such unlawful *de facto* policies and/or well-settled and widespread customs and practices has been known to supervisory and policy-making officers and officials of the Kings County District Attorney's Office and the City for a substantial period of time.

30. Despite knowledge of such unlawful *de facto* policies and practices, these supervisory and policy-making officials of the Kings County District Attorney's Office and the City and their predecessor in interest did not take steps to terminate these policies and practices, did not discipline individuals who engage in such practices, or otherwise properly train prosecutors and supervisors with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or reckless disregard of the effect of said policies, customs, and practices upon the constitutional rights of persons in the City of New York.

31. The City's policies and practices in existence at the time of the conduct complained of herein, which caused the plaintiff's injuries herein include, *inter alia,* the following:

a. The failure to properly supervise, train, instruct, and discipline prosecutors and supervisors who improperly conduct a trial and substantially interfere with the accused's right to a fair trial

b. The failure to properly supervise, train, instruct, and discipline prosecutors and supervisors who make defamatory, inflammatory and prejudicial statements during trial proceedings;

c. The failure to properly supervise, train, instruct, and discipline prosecutors and supervisors with respect to purposefully misleading a jury

32. The aforementioned City and District Attorney's Office policies, practices, and customs of failing to supervise, train, instruct, and discipline prosecutors and supervisors and encouraging their misconduct are evidenced by the broad-sweeping prosecutorial misconduct detailed herein. The Kings County District Attorney's Office directly deprived Mr. Dawson of his right to a fair trial. These prosecutors and supervisors represent the corrupt policies and practices of the Kings County District Attorney's Office.

33. Upon information and belief, this was a widespread practice and policy of the City and Kings County District Attorney's Office, as evidenced by the pattern of cases where defendant's convictions were overturned by the Appellate Division due to these aforementioned policies and practices.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS FOR MALICIOUS PROSECUTION**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the

preceding paragraphs with the same force and effect as if fully set forth herein.

35. Defendants acted with malice and caused Loren Dawson to be maliciously prosecuted, thereby violating Loren Dawson's clearly established right, under the Fourth and Fourteenth Amendments of the United States Constitution, to have the right to a fair trial.

36. The aforementioned Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Dawson's clearly established constitutional rights. No member of a district attorney's office would have believed this conduct to be proper or constitutional during this time.

37. Defendants, acting individually and in concert, deprived Loren Dawson of his clearly established constitutional right under the Fourteenth Amendment of the United States Constitution, to a fair trial. During summation, the State Prosecutor, defendant, NATALIE C. RIETHER, called Mr. Dawson's self-defense claim "ridiculous," "insulting," and "ludicrous," while also informing the jury that Mr. Dawson would "tell you anything" in an effort to "sell you" a story. NATALIE C. RIETHER, described Mr. Dawson as a "punk" and a "hothead" who could not "take [a] beating like a man," and impinged on Mr. Dawson's right to remain silent by arguing that he could not have acted in self-defense during the altercation that led to his arrest because he did not phone emergency services. NATALIE C. RIETHER intentionally bolstered the credibility of the State's witnesses, intentionally misled the jury regarding the law on justified use of force, improperly invoked the jury's sympathy for the complainant and vouched for the complainant's credibility, and interjected her own sense of moral retribution with respect to the complainant.

38. As a direct and proximate result of these defendant's actions, Mr. Dawson suffered grievous and continuing damages and injuries set forth above as a result of the deprivation of his federal rights.

**AS AND FOR A SECOND CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT**

## FOR DEPRIVATION OF LIBERTY WITOUT DUE PROCESS OF LAW AND DENIAL OF A FAIR TRIAL BY COMMITTING PROSECUTORIAL MISCONDUCT

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

40. Defendants, acting individually and in concert, deprived Loren Dawson of his clearly established constitutional fright under the Fourteenth Amendment of the United States Constitution, to a fair trial. Specifically, bolstering the credibility of the State's witnesses, misleading the jury regarding the law on justified use of force, improperly invoking the jury's sympathy, interjecting their own sense of moral retribution with respect to the complainant, and misleading the jury and violating the plaintiff's constitutional right for a fair trial.

41. These Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Mr. Dawson's clearly established constitutional right to be free from deprivation of liberty without due process of law.

42. As a direct and proximate result of these defendant's actions, Mr. Dawson suffered grievous and continuing damages and injuries set forth above as a result of the deprivation of his federal rights.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

44. Defendants, including Natalie C. Riether, as well as her supervisors of the Kings County District Attorney's Office, by their conduct and under color of state law, had opportunities to intercede on behalf of Loren Dawson to prevent his malicious prosecution and deprivation of liberty without due process of law, but, due to their intentional conduct and/or reckless or

deliberate indifference, declined or refused to do so.

45. These Defendants' failures to intercede violated Loren Dawson's clearly established constitutional right not to be deprived of liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments. No reasonable District Attorney would have believed that failing to intercede to prevent these Defendants from deliberately failing to conduct a constitutionally fair trial were lawful.

46. As a direct and proximate result of these defendant's actions, Mr. Dawson suffered grievous and continuing damages and injuries set forth above as a result of the deprivation of his federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48. Defendants acted with impunity in an environment in which they were not adequately trained, supervised, or disciplined by supervisors, in this case and as a matter of practice.

49. Defendant, Natalie C. Riether, and her supervisors acted with gross negligence, recklessness, and/or deliberate indifference to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of the defendants within the Kings County District Attorney's Office, and thereby caused such individuals to deprive Loren Dawson of his clearly established constitutional rights, including his rights to be free from malicious prosecution, and deprivation of liberty without due process of law, and to a fair trial.

50. Had the defendant prosecutor's supervisors within the Kings County District Attorney's Office not provided grossly inadequate training, and supervision, the defendant

prosecutor would not have intentionally and maliciously caused Loren Dawson to continue to be maliciously prosecuted.

51. The grossly negligent, reckless, and/or deliberately indifferent conduct of the defendant Natalie C. Riether's supervisors under color of state law violated their clearly established duty, in and around 2016, to supervise their employees in the Kings County District Attorney's Office, and no reasonable prosecutor in 2016 would have believed that grossly negligent, reckless, and/or deliberately indifferent supervision in the face of actual or constructive notice of misconduct by their subordinates and Supervisors was lawful.

52. As a direct and proximate result of these defendant's actions, Mr. Dawson suffered grievous and continuing damages and injuries set forth above as a result of the deprivation of his federal rights.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR *MONELL* CLAIMS FOR UNCONSTITUTIONAL POLICY, CUSTOM, OR PATTERN AND PRACTICE OF PROMOTING, FACILITATING, OR CONDONING IMPROPER AND UNCONSTITUTIONAL TRIAL TECHNIQUES AND FAILING TO SUPERVISE, DISCIPLINE, AND TRAIN UNDER 42 U.S.C. § 1983 TO ENSURE A FAIR TRIAL

53. At the time of Loren Dawson's prosecution, and continuing through the time the that Mr. Dawson was released, the Kings County District Attorney's Office, maintained a policy, custom and/or practice of deliberate indifference to violations by their employees of the constitutional rights of individuals who were criminally prosecuted in Kings County, New York.

54. Among other things, Kings County District Attorney's Office engaged in a custom and practice of engaging in malicious prosecutions and the constitutional rights of defendants: (a) knowingly presenting false and/or prejudicial testimony and arguments at criminal proceedings; (b) knowingly and intentionally misleading juries at criminal proceedings; and (c) interfering with the constitutional right to a fair trial.

55. The Kings County District Attorney's Office, as a matter of policy, custom, and

practice, permitted, encouraged, and acquiesced in the commission of constitutional violations of the rights of suspects and defendants by prosecutors working with the Kings County District Attorney's Office.

56. These policies, customs, and practices proximately caused the violations of Loren Dawson's constitutional rights described above and his malicious prosecution, false imprisonment right to a fair trial and other damages.

57. The Kings County District Attorney's Office policy was to tolerate, fail to discipline, and encourage violations of their Office's constitutional obligation to not maliciously prosecute and deprive defendants of their constitutional right to a fair trial. The Kings County District Attorney's Office's deliberate indifference to such violations created an atmosphere that "anything goes" and prosecutions should be secured at all costs that caused such violations to continue, including in Loren Dawson's case.

58. Under the Kings County District Attorney's Office-wide policies, customs, and practices, prosecutors and supervisors were permitted and encouraged to avoid following proper trial procedures in violating defendants' rights to a fair trial, despite the fact that disclosure of such information was and is constitutionally required.

59. The Kings County District Attorney's Office training and discipline policies and practices were likewise consciously designed to permit and encourage malicious prosecutions and violations of defendants' rights to a fair trial. These violations are documented by the pattern of cases in the Kings County District Attorney's Office where convictions were overturned due to the aforementioned policies and procedures.

60. Through a policy, custom, and practice of not disciplining prosecutors for constitutional violations and taking no remedial action in cases where such wrongdoing was discovered (through court decisions, post-conviction proceedings, or otherwise), the Kings County District Attorney's

Office encouraged such violations by demonstrating to his prosecutors that there would be no negative consequences for the failure to comply with constitutional requirements.

61. Upon information and belief, despite numerous court decisions finding that prosecutors had maliciously prosecuted defendants by violating defendants' rights to a fair trial, or otherwise had engaged in conduct that misled courts, juries, defendants, and/or defense attorneys, none of the Kings County District Attorney's Office prosecutors or supervisors involved were disciplined.

62. Upon information and belief, under the Kings County District Attorney's Office's policies, customs, and practices, no prosecutor was fired, suspended, fined, or demoted for such misconduct.

63. Upon information and belief, even where misconduct was found to have occurred, no record of the misconduct was placed in the personnel file of any prosecutor or investigator responsible.

64. Upon information and belief, no prosecutor was reported to outside disciplinary bodies for such misconduct, even when the misconduct violated applicable ethical and constitutional rules.

65. The violations of Loren Dawson's constitutional rights and his resulting injuries were proximately and foreseeably caused by conduct chargeable to defendant City of New York amounting to deliberate indifference to the constitutional rights of persons, including Mr. Dawson, subject to prosecution by the Kings County District Attorney's Office, including:

a. The institution and implementation of inadequate and unlawful policies, procedures and customs concerning:

i. the duty not to use false, misleading, inflammatory or unreliable evidence or statements, during criminal proceedings;

ii. the duty to ensure defendants are given their constitutional right to a fair trial;

iii. the continuing obligation to correct false, inaccurate, incomplete or misleading evidence, testimony, statements, and argument, whenever such misconduct is discovered to have occurred;

iv. the failure to adequately instruct, train, supervise, and discipline employees with respect to such matters.

66. The foregoing express or *de facto* policies, practices, and customs (including the failure to properly instruct, train, supervise, and/or discipline employees with regard thereto) were implemented or tolerated by policy making officials for the defendant City, including, but not limited to the Kings County District Attorney's Office which knew to a moral certainty that such policies, procedures, regulations, practices and customs implicated issues that regularly arise in the investigation and prosecution of criminal cases; that such issues either present employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for the further instruction, training, supervision and/or discipline was demonstrated by a history of employees mishandling such situations as well as the incentives that employees have to make wrong choice; and that the wrong choice by municipal employees concerning such issues will frequently cause the deprivation of the constitutional rights of an accused and cause him constitutional injury.

67. The aforementioned policymaking officials had the knowledge alleged in the preceding paragraph, based upon, among other circumstances: as noted above, numerous credible allegations, many substantiated by judicial decisions, that prosecutors and supervisors wrongfully and intentionally mislead juries, made improper, misleading, defamatory statements about defendants during criminal proceedings; presented or failed to correct false or misleading testimony and arguments; numerous decisions of the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the New York Court of Appeals, and the New York

Appellate Division, discussing the difficult issues that regularly arise under the constitutional requirement for defendants to have a fair trial and the failures of the New York City or Kings County District Attorney's Office prosecutors with that requirements; judicial decisions putting the Kings County District Attorney's Office on notice that the City could be held civilly liable for its failure to adequately train, supervise, or discipline prosecutors regarding their constitutional requirements and related due process obligations, including their obligations not to abuse judicial process; the need to train, supervise and discipline prosecutors in their aforementioned constitutional obligations to counteract the inherent pressure on prosecutors to obtain convictions.

68. Despite this knowledge, the supervisory and policymaking officers and officials of the defendant City, including the Kings County District Attorney's Office, perpetuated or failed to take preventative or remedial measures to terminate said policies, procedures, regulations, practices and/or customs; did not effectively instruct, train, and/or supervise their personnel with regard to the proper constitutional and statutory requirements in the exercise of their authority; had no published practices, policies or procedures for investigating and disciplining prosecutors who had engaged in violations of these constitutional obligations, and did not discipline or otherwise properly supervise the individual personnel who engaged in such practices, but instead tolerated the policies, procedures, regulations, practice and/or customs, described above, with deliberate indifference to the effect this would have upon the constitutional rights of individuals and citizens of the City and State of New York.

69. The aforesaid policies, practices and customs of defendant City of New York were collectively and individually a substantial factor in bring about the aforesaid violations of Loren Dawson's rights under the Constitution and laws of the United States, and in causing his malicious prosecution, violations of his right to a fair trial and resulting damages.

70. Under the principles of municipal liability for federal civil rights violations, the Kings

County District Attorney's Office has final managerial responsibility for training, instructing, supervising and disciplining attorneys and other employees in their office regarding their conduct in the prosecution of criminal matters, including, but not limited to, their obligations to make to refrain from offering, and to correct, false or misleading evidence, testimony, and argument during trial.

71. The Kings County District Attorney's Office, personally and/or through their authorized delegates, at all relevant times had final authority to promulgate and implement administrative and managerial policies and procedures, including policies and procedures as to personnel, hiring, training, supervision and discipline, with respect to his Office's performance and its duties.

72. The Kings County District Attorney's Office at all relevant times was and is an elected officer of Kings County, one of the constituent counties of defendant City of New York, and the Office was and is funded out of the City's budget.

73. Furthermore, the District Attorney was and is designated a "local officer, rather than a "state officer," under the New York Public Officers Law § 2, and New York has provided by statute (N.Y. County Law §§ 53, 941) that the City's constituent counties (including Kings County), and hence defendant City itself, shall have liability for torts committed by County officers and employees, such as the District Attorney and her employees and agents.

74. At all relevant times, the Kings County District Attorney's Office, personally and/or through his or her authorized delegates, had final authority, and constituted a City policymaker for whom the City is liable, with respect to the above-mentioned areas.

75. By virtue of the foregoing, defendant City of New York is liable for having substantially caused the foregoing violations of Loren Dawson's constitutional rights and his resulting injuries.

76.  As a direct and proximate result of these defendant's actions, Mr. Dawson suffered grievous and continuing damages and injuries set forth above as a result of the deprivation of his federal rights.

WHEREFORE, plaintiff demands judgment against the defendants herein on the FIRST CAUSE OF ACTION, on the SECOND CAUSE OF ACTION, on the THIRD CAUSE OF ACTION, on the FOURTH CAUSE OF ACTION, and on the FIFTH CAUSE OF ACTION, in an amount of Ten Million Dollars in the total causes of action, respectively, together with costs, interest and disbursements.

Dated: New York, New York
       October 4, 2022

ODDO & BABAT, P.C.

By: _____
Darren Seilback, Esq. (DS-1359)
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950
File: 12234

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOREN DAWSON,<br><br>                                      Plaintiff,<br><br>         - against -<br><br>THE CITY OF NEW YORK, KINGS COUNTY DISTRICT ATTORNEYS OFFICE and NATALIE C. RIETHER, Individually, Assistant District Attorney,<br><br>                                      Defendants. | Index No: 22-CV-4784 (KAM) (PK)<br><br>**VERIFICATION** |

STATE OF NEW YORK     )
                                         : ss.:
COUNTY OF NEW YORK )

     The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

     That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
        October 4, 2022

                                                      DARREN SEILBACK, ESQ. (DS-1359)